**SIGNED THIS: January 22, 2009**

                                                    _____
                                                      **MARY P. GORMAN**
                                                      **UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                         )
                              )    In Bankruptcy
JENNIFER D. WEBB,             )
                              )    Case No. 05-73224
            Debtor.           )
```

## O P I N I O N

Before the Court is a Motion to Vacate Discharge of Debtor filed by Jeffrey D. Richardson, the Chapter 7 Trustee ("Trustee"). The Motion to Vacate alleges that Jennifer D. Webb ("Debtor") is not eligible for a discharge in this reconverted Chapter 7 case due to her receipt of a discharge in a prior Chapter 13 case. Because the Trustee failed to file a timely objection to discharge, the Motion to Vacate will be denied.

Debtor filed her voluntary petition under Chapter 7 of the

-1-

Bankruptcy Code on June 15, 2005.  Debtor's first meeting of creditors was scheduled for July 12, 2005, and the deadline for filing objections to the Debtor's discharge was set for September 10, 2005.  Trustee was appointed and conducted a continued first meeting of creditors on July 26, 2005.  Trustee filed a "no-asset" report on August 8, 2005, stating that, after diligent inquiry, he had discovered no assets to administer for the benefit of the estate.  Trustee did not file any objection to the Debtor's discharge, nor did he seek an extension of time in which to do so.

On August 2, 2005, however, the United States Trustee ("UST"), did file an adversary complaint objecting to the Debtor's discharge.  In her complaint, the UST asserted that the Debtor should be denied a discharge because the Debtor had received a discharge in a Chapter 13 case filed July 19, 2001.  Because the Debtor had not paid at least 70% of allowed unsecured claims through that case, the UST argued that the Debtor could not obtain a subsequent Chapter 7 discharge for a period of six years.  *See* 11 U.S.C. §727(a)(9).

Debtor did not file an answer to the adversary complaint objecting to her discharge but did file a Motion to Convert this case to a case under Chapter 13 of the Bankruptcy Code.  Debtor's Motion to Convert was granted at a hearing held on October 6, 2005.  The UST's Motion to Dismiss her adversary complaint objecting to discharge was also granted on October 6, 2005.

Debtor filed a Chapter 13 Plan on October 24, 2005, which was confirmed on February 1, 2006.  Debtor made payments pursuant to that confirmed Plan until July 10, 2008, when the Debtor filed a Notice of Voluntary Conversion to Chapter 7.  The Notice effectuated conversion of the case on that date without the necessity of a court order.  *See* Fed.R.Bankr.P. 1017(f)(3); 11 U.S.C. §1307(a).

Upon reconversion to Chapter 7, Trustee was reappointed and a new first meeting of creditors was scheduled for August 20, 2008.  Because the conversion to Chapter 13 had occurred after the originally set objection to discharge date had passed, no new objection to discharge date was set.  *See* Fed.R.Bankr.P. 1019(2).  The notice sent to creditors and parties in interest advising them of the reconversion and of the August 20th meeting date specifically provided that the deadline to file objections to discharge was September 10, 2005.

The Debtor appeared at the meeting scheduled for August 20, 2008, and, on August 26, 2008, the Trustee docketed a notice that the meeting had been held as scheduled.  With there being no further duties for the Debtor to perform in order to obtain a discharge and the published deadline for filing objections to discharge having long since expired, the Debtor's discharge was granted on August 29, 2008.

Trustee filed his Motion to Vacate Discharge of Debtor on the

same day the discharge order was entered.[1]  He alleges that he did not retain his file from the original Chapter 7 proceeding and, accordingly, was only reminded of the issue regarding the Debtor's discharge when she appeared at the first meeting and answered his questions about her prior filings.  Trustee further alleges that he notified the UST's office about the discharge issue and the UST's response was to write to Debtor's attorney informing him that, if the case was not voluntarily dismissed, an adversary complaint objecting to discharge would be filed.  Finally, the Trustee asserts that "there are no set of circumstances under which the debtor should be entitled to a discharge."

The Motion to Vacate was scheduled for hearing on October 2, 2008, and, on September 2, 2008, the Court entered an order granting the Trustee, UST, and Debtor's counsel until September 26, 2008, to file briefs regarding the authority of the Court to vacate the Debtor's discharge under the circumstances presented, and the Court's authority, if the discharge was vacated, to thereafter extend the date for the Trustee to file an objection to discharge. In response, the UST filed a Stipulation signed by all parties reciting a number of uncontested facts and also filed a Memorandum

---

[1] Although the Trustee cites no authority for his Motion, upon review, the Court construes the Motion as one brought to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023.

in Support of the Trustee's Motion to Vacate.[2] Oral arguments were heard on October 2, 2008, and the matter was then taken under advisement.

Federal Rule of Bankruptcy Procedure 1019 provides, in pertinent part, as follows:

> When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:
>
> * * * *
>
> (2) New Filing Periods.  A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Fed.R.Bankr.P. 1019(2).[3]

Rule 1019(2) provides an unequivocal statement that a new deadline is not set after reconversion if the original deadline for

---

[2] The parties' Stipulation also contained several agreed conclusions of law regarding the Trustee's right to the relief requested.  Although the parties may themselves be bound by their Stipulation as to the relevant facts, the Court is not bound by their agreed conclusions of law. See U.S. v. Firishchak, 468 F.3d 1015, 1024 (7th Cir. 2006) (citing Saviano v. Commissioner, 765 F.2d 643, 645 (7th Cir. 1985)).

[3] Rule 1019(2) was amended as of December 1, 2008.  The language quoted is the pre-amendment statutory language which was in effect at all times relevant to this case.

filing objections to discharge expired prior to conversion.  The intent of the Rule is to limit creditors and parties in interest to one full 60-day objection period.  Construed literally, however, the Rule would appear not to allow any exceptions to the "no-new-deadline" mandate upon reconversion even for a party who had acted timely by filing an objection to discharge prior to the original deadline.  Case law is helpful, however, in clarifying the application of Rule 1019(2) under such circumstances.

In In re Hahn, 167 B.R. 693 (Bankr. N.D. Ga. 1994), a Chapter 7 trustee filed a timely objection to discharge and the debtor responded by converting the case to Chapter 13.  When the adversary proceeding objecting to discharge later came before the court for review, the Chapter 7 trustee resisted dismissal of his complaint based on a concern that the debtor might reconvert the case.  The Hahn court dismissed the adversary complaint notwithstanding the trustee's resistance, stating that the trustee would be entitled to a new 60-day period in which to file an objection if the case was reconverted.  The court reasoned that the trustee had preserved his rights prior to conversion and, therefore, could be excepted from the general rule that no new deadline would be set.  Id. *at* 696.

In In re Dipalma, 94 B.R. 546 (Bankr. N.D. Ill. 1988), the debtor commenced his case under Chapter 7, converted to a Chapter 13, and then reconverted to a Chapter 7.  Upon reconversion, the notice sent to all creditors and parties in interest scheduling the

-6-

new meeting of creditors also set a new date - 60 days after that meeting - for the filing of objections to discharge.  The debtor believed that no new deadline should have been set and filed a motion requesting an order clarifying that creditors who had timely notice of the original deadline were not entitled to a new 60-day period in which to object.  The Dipalma court granted the debtor the relief sought and found that creditors who had notice of the deadline set in the original Chapter 7, but who had not preserved their rights by filing a timely objection to discharge or seeking an extension of time in which to do so, were not entitled to additional time to file an objection to discharge in the reconverted Chapter 7 case.  Id. at 549.

Read together with Rule 4004 and Rule 1019(a), Hahn and Dipalma establish straightforward guidelines for analyzing the issues before the Court.  The deadline for filing an objection to discharge is set as provided by Rule 4004, and that deadline may only be extended by timely filed motion.  *See* Fed.R.Bankr.P. 4004(a)&(b). Generally, if the deadline for filing an objection to discharge passes in a Chapter 7 case before the case is converted to Chapter 13, the deadline is not reset if the case is reconverted to Chapter 7.  Creditors and parties in interest who had notice of the original deadline, but who did not take action to preserve their rights prior to the expiration of the original deadline - like the Trustee in this case - are not entitled to relief in the

form of a new or extended deadline in the reconverted case. However, creditors and parties in interest who did preserve their rights prior to the expiration of the original deadline - like the UST in this case - may seek and be granted such relief in the reconverted case.

In this case, the first date set for the meeting of creditors was July 12, 2005, and, accordingly, per Rule 4004(a), the deadline for filing objections to discharge was September 10, 2005. Proper notice of that deadline was sent to creditors and parties in interest, including the Trustee. *See* Fed.R.Bankr.P. 2002(f)(4). Conversion of the case occurred on October 6, 2005, which was after the objection to discharge deadline. Rule 1019(a), therefore, provides that no new deadline for filing objections was to have been set upon reconversion. Thus, the notice sent in this case upon reconversion stating that the deadline for filing objections to discharge remained the originally set deadline of September 10, 2005, was a correct notice.

The Trustee had notice of the original deadline to file an objection to discharge but did not file an objection or seek an extension of time in which to do so. Accordingly, the Trustee does not fall with in the exceptions described in Hahn and Dipalma, and the deadline to object to discharge should not be reset or extended for the Trustee in the reconverted case. The fact that a different party - here the UST - filed an objection to discharge before the

-8-

original deadline expired is irrelevant. The Trustee is a separate and distinct party from the UST, and the Trustee is not entitled to relief based on actions taken only by the UST. The UST has supported the Trustee's Motion with a Memorandum which argues that the holding in Hahn requires a finding that, by reason of the UST's timely filing of the objection to discharge, the general filing deadline never expired and, accordingly, a new general deadline must be set. Hahn, however, specifically held that the "period did not expire . . . for the Trustee" and that the trustee who preserved his own rights in that case would therefore be entitled to seek relief if the case reconverted. Hahn, 167 B.R. *at* 696. Hahn does support granting relief to the specific party whose rights were preserved before the original deadline expired, but provides no authority for granting relief to a party whose rights expired before conversion.

By virtue of the filing of her adversary complaint on August 2, 2005, the only party in this case who preserved her right to contest the issuance of Debtor's discharge following the reconversion was the UST. Despite having received timely notice of the issuance of Debtor's discharge, however, the UST - unlike the Trustee - did not file a timely motion to alter or amend judgment.

The deadline for the Trustee to file an objection to discharge in this case was September 10, 2005. Accordingly, after reconversion in July, 2008, the Trustee was time barred from filing

an objection to discharge and time barred from seeking an extension of time in which to do so.  He is not a party entitled to any relief under even the most expansive readings of Hahn or Dipalma. With respect to the Trustee, the entry of the Debtor's discharge order was proper and was not in derogation of any of his rights. Accordingly, Trustee's Motion to Vacate Discharge of Debtor must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###